EDWIN JIMESON, PLAINTIFF IN ERROR, v. STATE, EX REL. COWPERTHWAITE, DEFENDANT IN ERROR.

The act of March 25th, 1873, provided for the election of a county collector in the county of Ocean. Section 1 provided that, at the first election for members of the general assembly after the passage of the act, and at such election every third year thereafter, there should be chosen a county collector, who should hold his office for the term of three years. The second section provided that, in case of a vacancy in the office, the vacancy should be supplied by the board of chosen freeholders until the general election next succeeding the happening of the vacancy, and that the person elected or appointed to the vacancy might, on giving bond, enter upon the said office, and continue to hold the same until his successor had been elected at the next general election, and given bond. R. was elected to the said office in 1873, and held until after the general election in 1874, when he resigned. S. was elected to the vacancy, by the board of freeholders, in 1874, and at the next general election, held in 1875, J. was elected. *Held*—That the election of J., in 1875, was for three years from the time of his election, and not until the expiration of the term for which R., whose place was supplied, was elected.

---

In error to the Supreme Court. This case was argued at June Term, 1879, before the Supreme Court, on demurrer to

the information filed by Elmer Cowperthwaite, and judgment was rendered for the relator.

For the plaintiff in error, *G. D. W. Vroom* and *J. P. Stockton, Attorney General.*

For the defendant in error, *Cortlandt Parker.*

The opinion of the court was delivered by

THE CHANCELLOR.    On the 25th of March, 1873, an act "to provide for the election of a county collector in the county of Ocean" was approved.    *Pamph. L.* 1873, *p.* 420.    By its first section it provided that, at the first annual election for members of the general assembly after the passage of the act, and at such election every third year thereafter, there should be chosen a county collector of the county, who should hold his office for the term of three years.    By the second section it was provided that, in case of a vacancy in the office, the vacancy should be supplied by the board of chosen free-holders, at a special meeting to be held within fifteen days thereafter, until the general election next succeeding the happening of the vacancy, and that the person elected or appointed to fill the vacancy might, on giving bonds, at that meeting enter on the duties of his office, and should continue to hold the office until his successor should have been elected at the next general election, and have given bond.    The third section provided that the collector should have been a resident of the county for five years at least, and provided that it should not be necessary for him to be a freeholder.    By the fourth section it was provided that, on the Tuesday next after the general election, there should be a meeting of the board of chosen freeholders, and that the person elected collector should at that meeting give bond, according to the directions of the section, and that the bond should be approved and filed, and that the clerk of the county should issue a certificate to the person elected collector, that, at the annual election then lately held, he was duly elected county collector of the

county of Ocean for the ensuing term, which should be for three years from that time, which certificate should be deemed legal evidence of his election.

At the first general election (November, 1873,) after the passage of the act, Clayton Robbins was elected county collector. In November, 1874, he was elected sheriff of the county, and in that month resigned his office of collector. During that month the board of chosen freeholders appointed Benjamin Snyder to fill the vacancy. In November, 1875, at the general election next after that appointment, Edwin Jimeson was elected county collector, and gave bond as required by the act; and the clerk, according to the information, issued to him a certificate that he was elected collector for the then ensuing term, which was for three years from that time. In 1878, at the general election, Cowperthwaite, the relator, was elected county collector, and tendered a bond and offered to perform the duties of the office. Jimeson was voted for for county collector at the general election in 1876, and claims to have been elected. He insists that the election of 1875 was not for the term of three years, but only for the unexpired term of Robbins—that is, until November, 1876; and he therefore insists that he was elected in 1876, to hold until November, 1879. The information was filed in December, 1878. There was a demurrer to it, and the Supreme Court decided that the relator, Cowperthwaite, was entitled to the office—that is, that Jimeson, in 1875, was elected for three years, and not merely for the unexpired term.

The question is, does the person elected at the general election after the filling of a vacancy, under the act, hold for three years from the time of his election, or only until the expiration of the term for which the person whose place was supplied was elected?

It appears to me that the intention of the legislature, in the provision under consideration, is clear. By the terms of the act, the person appointed to fill the vacancy is to hold until the general election next succeeding the happening of the occurrence which creates the vacancy, and at that election his

successor is to be chosen. That is the language of the act. It is not provided that he shall hold until the end of the term for which his predecessor was elected, nor that he shall hold until the general election occurring three years after that at which his predecessor was elected; but it simply provided that he shall hold until his successor shall have been elected at the general election next succeeding the happening of the vacancy. The act provides that the person elected shall have a certificate for a term of three years. It does not provide that a person appointed to fill a vacancy shall have any certificate. The election at which Jimeson was elected, in 1875, was that at which, by the act, the successor of Snyder was to be elected; and Jimeson, on complying with the provisions of the act as to giving a bond, and on the approval and filing of the bond, was, under it, entitled to a certificate for a term of three years. There is no provision for a certificate for any shorter or other term. The intention of the legislature was to fill the office as soon as practicable by the popular vote, without a special election—that is, at the general election next succeeding the happening of the vacancy—and to provide for the discharge of the duties of the office in the meantime by an appointment.

The judgment of the Supreme Court should be affirmed.

*For affirmance* — THE CHANCELLOR, DEPUE, DIXON, KNAPP, MAGIE, REED, DODD, GREEN, LATHROP.    9.

*For reversal*—None.